# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § § | Case No. 22-10823 |
| **DYNAMIC INDUSTRIES SAUDI ARABIA LIMITED,** | § § § § | Section "A" |
| Putative Debtor. | § § § | Chapter 7 |

## MOTION OF DYNAMIC INDUSTRIES SAUDI ARABIA LIMITED FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 11 U.S.C. § 303(i) AND GRANTING RELATED RELIEF

NOW INTO COURT, through undersigned counsel, comes the putative debtor Dynamic Industries Saudi Arabia Limited ("**DISA**")[1] in the above-captioned involuntary bankruptcy case (the "**Involuntary Case**")and hereby files this Motion asking the Court to award reasonable attorneys' fees and costs pursuant to section 303(i) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"). In support thereof, DISA respectfully states:

### PRELIMINARY STATEMENT

1. On January 9, 2023, the Court entered the *Memorandum Opinion and Order* [Docket No. 28] (the "**Opinion**") granting DISA's request for abstention under 11 U.S.C. § 305(a).

2. DISA seeks nothing more than to be made whole for reasonable attorneys' fees and costs it has incurred in defending against the Involuntary Petition (including filing this Motion). Commencing an involuntary bankruptcy proceeding is such an extreme remedy that Congress outlined the potential liability in the statute itself. A consequence of an improper filing is clearly

---

[1] Capitalized terms used herein but not defined herein have the meanings ascribed to such terms in the *Motion of Dynamic Industries Saudi Arabia Limited for an Order (I) Dismissing the Involuntary Petition Pursuant to 11 U.S.C. §§ 109, 303 and 305, (II) Granting Judgment in Favor of Dynamic Industries Saudi Arabia Limited Pursuant to 11 U.S.C. § 303(i), or, (III) Alternatively Requiring the Petitioning Creditors to Post a Bond to Indemnify Dynamic Industries Saudi Arabia Limited Pursuant to 11 U.S.C. § 303(e), and (IV) Granting Related Relief* [Docket No. 12] (the "**Motion to Dismiss**").

#100896045v1

stated and plainly intended to discourage creditors (and especially non-creditors) from even *attempting* to use the bankruptcy process for a non-bankruptcy purpose. As the Court has already ruled, that is what happened here.

3. Accordingly, DISA seeks to recover its reasonable attorneys' fees and costs against the Petitioning Creditors.

## RELIEF REQUESTED

4. DISA respectfully requests that this Court enter an order substantially in the form provided to the Court: (a) awarding DISA its reasonable attorneys' fees and costs pursuant to section 303(i) in the amount of $116,072.83[2] incurred in connection with the Involuntary Petition (including filing this Motion) as evidenced by the fee statements attached to the *Declaration of Mark A. Mintz in Support of Motion of Dynamic Industries Saudi Arabia Limited for Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i) and Granting Related Relief* (the "**Mintz Declaration**") attached hereto as **Exhibit A** and incorporated by reference, and (b) granting related relief.

## RELEVANT BACKGROUND

5. On July 22, 2022, the Petitioning Creditors filed the Involuntary Petition, thereby commencing the Involuntary Case. The Involuntary Petition is substantially deficient and was the latest litigation tactic in what UDP concedes and the Court agrees has been "'months of litigation directly between UDP and DISA' . . . as well as 'months of prior exchanges and demands and responses' between the principals of UDP and DISA's affiliates." Opinion at 4.

6. On August 17, 2022, DISA filed the Motion to Dismiss arguing that DISA is not

---

[2] As of February 6, 2023, Jones Walker LLP ("**Jones Walker**") has billed $114,522.00 in attorneys' fees and accumulated $1,550.83 in expenses in the Involuntary Case. DISA reserves the right to amend the final amount of attorneys' fees and costs to accommodate the continued work of Jones Walker in obtaining DISA the relief in which it is entitled. *In re Anmuth Holdings LLC*, 600 B.R. 168, 187 (Bankr. E.D.N.Y. 2019).

2

an eligible debtor under sections 109 and 303(a) of the Bankruptcy Code, as it does not have a domicile, a place of business, or property in the United States. Opinion at 1. DISA also asked the Court to abstain from hearing the Involuntary Case under section 305(a) of the Bankruptcy Code. *Id.* The Court directed the parties to brief the "gateway" issues of jurisdiction and abstention. Opinion at 2.

7. On January 9, 2023, the Court entered the Opinion finding that abstention from the Involuntary Case under section 305(a) was warranted and dismissing the Involuntary Petition. Opinion at 2.

8. Specifically, the Court found that "[t]he resolution of the issues currently before the court in the Southern District of Texas Lawsuit, . . . "whether any U.S. court can exercise personal jurisdiction over DISA and, ultimately, whether UDP has viable claims against DISA, may influence whether a reorganization is in fact necessary and the forum of that reorganization." Opinion at 5.

## ARGUMENT AND AUTHORITIES

9. Section 303 of the Bankruptcy Code governs involuntary bankruptcy petitions. Based on the statute, an alleged debtor who successfully defends against an involuntary petition may be awarded reasonable attorney's fees and costs from the unsuccessful petitioning creditors if three prerequisites are satisfied: (1) the court has dismissed the involuntary petition; (2) the dismissal was not with the consent of the alleged debtor and the petitioning creditors; and (3) the alleged debtor did not waive its right to recovery. 11 U.S.C. § 303. Bankruptcy courts in the Fifth Circuit have adopted the "presumption" approach that presumes an award of attorneys' fees and costs will be made against unsuccessful petitioning creditors. *In re Clean Fuel Techs., II, LLC*, 544 B.R. 591, 601-603 (Bankr. W.D. Tex. 2016); *In re TRED Holdings, L.P.*, No. 10-40749, 2010 Bankr. LEXIS 3109, at *7 (Bankr. E.D.Tex. Sept. 3, 2010).

3

## A. DISA is Entitled to an Award of its Attorneys' Fees and Costs Incurred in Connection with the Involuntary Petition

10. In the Opinion, the Court found "the relief sought by the Petitioning Creditors [was], at best, premature" and granted the "extraordinary remedy" to abstain under section 305(a). Opinion at 5. Such remedy is extraordinary because an order to dismiss under section 305(a) is not reviewable by the courts of appeal[3] to prevent the commencement and continuation of disruptive involuntary cases. *See Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.)*, 370 B.R. 236, 247 (9th Cir. BAP 2007); 2 COLLIER ON BANKRUPTCY ¶ 305.01[1] (16th ed. 2023); *Barnett v. Edwards (In re Edwards),* 214 B.R. 613, 620 (9th Cir. BAP 1997).

11. The Petitioning Creditors are responsible for this matter being litigated in the bankruptcy court, and by filing the Involuntary Petitions, they "assume[d] certain risks," including the risk of being required to reimburse legal fees incurred by DISA in taking part in the Involuntary Petition. *In re Reveley*, 148 B.R. 398, 406 (Bankr. S.D.N.Y. 1992). "When an involuntary petition is dismissed, 'there is a presumption that costs and attorney's fees will be awarded to the alleged debtor.'" *Crest One Spa v. TPG Troy, LLC (In re TPG Troy, LLC)*, 793 F.3d 228, 235 (2d Cir. 2015) (quoting *In re Mountain Dairies Inc.*, 372 B.R. 623, 637 (Bankr. S.D.N.Y. 2007)). Evidence of bad faith is not a prerequisite to recover attorneys' fees and costs under section 303(i)(1). *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 105 (2d Cir. 2000). The fees and costs incurred in litigating a section 303(i) request are also recoverable. *See Crest One SpA v. TPG Troy, LLC (In re TPG Troy)*, 793 F.3d 228, 235 (Bankr. S.D.N.Y. 2015); *see also In re Anmuth Holdings LLC*, 600 B.R. 168, 187 (Bankr. E.D.N.Y. 2019) ("It is well settled that fees associated incurred in litigating an entitlement to fees under § 303(i)(1) are 'plainly recoverable.'"). The petitioners bear

---

[3] *See* 11 U.S.C. § 305(c).

#100896045v1

the burden to prove that an alleged debtor's request should be denied. *In re TPG Troy*, 793 F.3d at 235.

12. "[T]he operative principle [behind section 303(i) is] that one who swats at the hornet had best kill it." *In re Kidwell*, 158 B.R. 203, 213 (Bankr. E.D. Cal. 1993). Although no circuit has directly addressed the issue of whether section 303(i) authorizes an award of fees upon a dismissal pursuant to section 305(a), several district and bankruptcy court decisions have reached conflicting conclusions regarding this question. The majority of courts, however, reason that there are only two charted safe harbors from an award of reasonable attorneys' fees and costs: (1) dismissal with consent of the debtor and of all petitioners, or (2) waiver by the debtor of the right to judgment. *See In re Kidwell*, 158 B.R. at 216.[4] As noted in *Adell v. John Richards Homes Bldg. Co. (In re John Richards Homes Bldg. Co.)*, 552 F. App'x 401, 408-09 (6th Cir. 2013), "the plain intent of Congress [was] to provide a complete remedy for debtors who successfully defend against an involuntary petition. . . . Construing § 303(i) to authorize awards of post-dismissal fees is, therefore, the approach most faithful to legislative intent." *Accord In re Landmark Distribs.*, 195 B.R. 837, 846 (Bankr. N.J. 1996) (to deny attorneys' fees incurred prosecuting a section 303 claim would "fly in the face of legislative intent and common sense").

13. "[T]he plain meaning of § 303(i) provides that, unless an involuntary petition has been dismissed with the parties' consent, and without the debtor's waiver of the right to judgment under § 303(i), the bankruptcy court, based upon the totality of the circumstances, may, in its discretion, award attorney's fees and costs under § 303(i)(1) for a § 305(a)(1) dismissal of an involuntary petition." *In re Reynolds*, Case No. 9:14-bk-10690-PC, 2014 Bankr. LEXIS 4421, at

---

[4] The minority view interprets the statute to apply only "if a case is dismissed under section 303." *See In re Luftek*, 6 B.R. 539 (Bankr. E.D.N.Y. 1980).

*11 (Bankr. C.D. Cal. Oct. 8, 2014) (quoting *Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.)*, 370 B.R. 236, 253 (B.A.P. 9th Cir. 2007)).

14. "[A]lthough the Bankruptcy Code has liberalized standards for instituting involuntary cases, because of the potential adverse impact on the debtor and the need to encourage discretion in filing such cases, unsuccessful involuntary petitioners should routinely expect to pay the debtor's legal expenses arising from the involuntary filing." *Macke Int'l*, 370 B.R. at 249 (citing *Higgins v. Vortex Fishing Sys. (In re Vortex Fishing Sys.)*, 379 F.3d 701, 706 (9th Cir. 2004)); *In re Kidwell*, 158 B.R. at 217 (stating that "Congress drafted the statute to make an award of costs and fees the norm" and that petitioning creditors "should expect to pay the debtor's attorney's fees and costs if the petition is dismissed").

15. DISA had no choice but to "defend or respond" to the Involuntary Petition and subsequent filings in this Involuntary Case. *In re TPG Troy, LLC*, 793 F.3d at 235 (quoting *In re TPG Troy*, LLC, Case No. 12-14965, 2013 Bankr. LEXIS 2899, at *4 (Bankr. S.D.N.Y. July 18, 2013) ("[M]uch of the work that is the subject of the request for attorneys' fees arises out of conduct initiated by Petitioning Creditors. The [Debtors'] counsel had no choice but to defend or respond to the various actions taken by Petitioning Creditors throughout this dispute.")). These attorneys' fees and costs are in addition to the attorneys' fees and costs incurred in litigating the Southern District of Texas Lawsuit. DISA is simply seeking to recover its attorneys' fees and costs incurred as a result of Petitioning Creditors' Counsel's decision and advice to his clients to initiate the Involuntary Case while the Southern District of Texas Lawsuit was pending.

16. The "costs" of this Involuntary Case expand far beyond attorneys' fees and expenses. Despite DISA's best efforts to rapidly dismiss the Involuntary Case and mitigate damages, the involuntary chapter 11 filing affected the litigation in the Southern District of Texas

6

Lawsuit. Moreover, DISA was forced to allocate resources away from the Southern District of Texas Lawsuit to address the Involuntary Petition.

17. Although the Court decided that "the relief sought by the Petitioning Creditors to be, at best, premature[,]" it is clear that the purpose behind the Petitioning Creditors' decision to file the Involuntary Petition was grounded in ulterior motives. Opinion at 5. Until the Involuntary Petition, neither Zakher nor Stanford exercised any collection action or arbitration proceedings mandated under the Zakher Subcontract or Stanford Subcontract, respectively, against DISA. Moreover, the Involuntary Petition was fundamentally deficient. The Petitioning Creditors failed to provide any documentation in support of the Involuntary Petition. The only information in the Involuntary Petition that the Petitioning Creditors provided were three outstanding accounts receivables purportedly totaling $8,427,548.00 without any further information or explanation in support of the Involuntary Petition (or the basis for the sums purportedly owed to the Petitioning Creditors by DISA).

18. Accordingly, the Court should award DISA reasonable attorneys' fees and costs incurred in connection with the Involuntary Petition under section 303(i)(1).

**B.    The Attorneys' Fees and Costs Incurred in Connection with the Involuntary Petition are Reasonable**

19. In order to determine the reasonableness of the fees, the Fifth Circuit employs the "lodestar" method.[5] This framework has been slightly modified to also consult section 330(a) of

---

[5] After calculating the lodestar, the bankruptcy court retains the discretion to adjust the lodestar upwards or downwards to reflect their consideration of the *Johnson* factors. *In re Pilgrim's Pride Corp*, 690 F.3d 650, 655 (5th Cir. 2012). The *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Highways Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

the Bankruptcy Code. *See Combs v. City of Huntington Texas,* 829 F.3d 388, 392 (5th Cir. 2016); *see also In re Fender,* 12 F.3d 480, 487 (5th Cir. 1994).

20. As set forth in further detail in the Mintz Declaration and the itemized time records, the professionals of Jones Walker expended a total of 241.40 hours[6] representing DISA in the Involuntary Case and filing this Motion. Jones Walker has charged typical hourly rates for work of this character. *See* Mintz Declaration ¶¶ 13-14. The reasonable value of services rendered by Jones Walker in defending the Involuntary Petition is $116,072.83.[7]

21. In accordance with the factors enumerated in section 330 of the Bankruptcy Code and considered in the lodestar method, Jones Walker respectfully submits that the foregoing amounts requested are fair and reasonable given (a) the complexity of defending an involuntary petition; (b) Jones Walker's familiarity with the Southern District of Texas Lawsuit; (c) the Court's exercise of the "extraordinary remedy" to abstain under section 305(a); (d) the time expended; (e) the nature and extent of the services rendered; (f) the value of such services; and (g) the costs of comparable services for non-bankruptcy cases. *See* Mintz Declaration ¶¶ 8-14.

22. The professional services rendered by Jones Walker in defending the Involuntary Petition required a high degree of professional competence and expertise. Considering the complexity of the Motion to Dismiss, compounded by the complexity of the Southern District of Texas Lawsuit, the legal services Jones Walker rendered to DISA in defending the Involuntary Petition were performed efficiently and effectively, and the services obtained a favorable outcome for DISA. Jones Walker believes that its recognized expertise has facilitated the resolution of the

---

[6] As of February 6, 2023, Jones Walker has spent 241.4 hours defending DISA in the Involuntary Case.

[7] As of February 6, 2023, Jones Walker has billed $114,522.00 in attorneys' fees and accumulated $1,550.83 in expenses in the Involuntary Case. DISA reserves the right to amend the final amount of attorneys' fees and costs to accommodate the continued work of Jones Walker in obtaining DISA the relief in which it is entitled. *See In re Anmuth Holdings LLC*, 600 B.R. at 187.

Involuntary Petition, and due to the complexity of the issue and the ongoing Southern District of Texas Lawsuit, Jones Walker was required to exhibit a high degree of legal skill in resolving this matter. Accordingly, Jones Walker submits that the hours spent were reasonable given the size and complexity of the case, and the significance of the issue.

23. Jones Walker believes and respectfully submits that its attorneys are highly regarded as experts in the areas of bankruptcy and litigation. Jones Walker's attorneys, over many years, have appeared in bankruptcy courts throughout the United States providing legal representation to trustees, debtors, secured creditors, and unsecured creditors in proceedings under the Bankruptcy Code. Further, Jones Walker has a sophisticated bankruptcy and restructuring practice and is playing or has played a major role defending involuntary bankruptcy cases. Jones Walker's experience enabled it to perform the services described herein competently and expeditiously.

24. Accordingly, the attorneys' fees and costs incurred during the Involuntary Case are reasonable.

## CONCLUSION

For the foregoing reasons, DISA respectfully requests that this Court enter a the proposed order awarding DISA its attorneys' fees in the amount of $114,522.00 and costs incurred in the amount of $1,550.83[8] in connection with this Involuntary Case, including this Motion, and granting such other and further relief as the Court deems just and appropriate.

---

[8] As of February 6, 2023, Jones Walker LLP ("**Jones Walker**") has billed $114,522.00 in attorneys' fees and accumulated $1,550.83 in expenses in the Involuntary Case. DISA reserves the right to amend the final amount of attorneys' fees and costs to accommodate the continued work of Jones Walker in obtaining DISA the relief in which it is entitled. *In re Anmuth Holdings LLC*, 600 B.R. 168, 187 (Bankr. E.D.N.Y. 2019).

Dated: February 9, 2023

                    Respectfully submitted,

                    */s/ Olivia K. Greenberg*
                    MARK A. MINTZ (#31878)
                    L. ETIENNE BALART (#24951)
                    OLIVIA K. GREENBERG (#38853)
                    Jones Walker LLP
                    201 St. Charles Avenue, 51st Floor
                    New Orleans, LA 70170
                    Telephone: (504) 582-8000
                    Facsimile: (504) 589-8260
                    Email: mmintz@joneswalker.com
                    Email: ebalart@joneswalker.com
                    Email: ogreenberg@joneswalker.com

                    -and-

                    JOSEPH E. BAIN *(Admitted Pro Hac Vice)*
                    Jones Walker LLP
                    811 Main Street, Suite 2900
                    Houston, TX 77002
                    Telephone: (713) 437-1800
                    Facsimile: (713) 437-1810
                    Email: jbain@joneswalker.com

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing has been served upon the parties that receive electronic notice via the Court's CM/ECF system and on the parties listed below by first class mail on February 9, 2023.

Petitioning Creditors
c/o J Stephen Simms
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, MD 21030
jssimms@simmsshowers.com

Office of the U.S. Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
ustpregion05.nr.ecf@usdoj.gov

                                                  */s/ Olivia K. Greenberg*
                                                   Olivia K. Greenberg

#100896045v1