```
 1                    UNITED STATES BANKRUPTCY COURT
                       EASTERN DISTRICT OF LOUISIANA
 2

 3   IN RE:                          :    Case No. 22-10823

 4   DYNAMIC INDUSTRIES SAUDI        :    Chapter 7
     ARABIA LIMITED,
 5                                   :    New Orleans, Louisiana
          Debtor.                         Wednesday, March 8, 2023
 6                                   :    3:07 p.m.

 7   : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

 8                       TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE MEREDITH S. GRABILL,
 9                   UNITED STATES BANKRUPTCY JUDGE

10   APPEARANCES:

11   For the Debtor:              Jones Walker LLP
                                  BY:  OLIVIA K. GREENBERG, ESQ.
12                                201 St. Charles Ave., 49th Floor
                                  New Orleans, LA  70170-5100
13

14   APPEARANCES (via telephone):

15   For Petitioning Creditors:   Simms Showers LLP
                                  BY:  J. STEPHEN SIMMS, ESQ.
16                                201 International Circle, #230
                                  Baltimore, MD  21030
17

18   Audio Operator:              KEVIN FOE

19
     Transcript prepared by:      JANICE RUSSELL TRANSCRIPTS
20                                1418 Red Fox Circle
                                  Severance, CO  80550
21                                (757) 422-9089
                                  trussell31@tdsmail.com
22

23   Proceedings recorded by electronic sound recording; transcript
     produced by transcription service.
24

25
```

1  P R O C E E D I N G S

2 THE COURT: The, the next case I have is 22-10823,

3 Dynamic -- wait, wait, wait. I'm going to take another one

4 first. Sorry.

5 * * *

6 THE COURT: Let's go to 22-10823, Dynamic Industries

7 Saudi Arabia Limited.

8 I've got someone in --

9 MR. SIMMS: Your Honor, Steve Simms on --

10 THE COURT: Go --

11 MR. SIMMS: Steve Simms on the line, your Honor, for

12 the Petitioning Creditors.

13 THE COURT: Okay.

14 MS. GREENBERG: Your Honor, Olivia Greenberg on behalf

15 of Dynamic Industries Saudi Arabia Limited.

16 THE COURT: Okay.

17 All right. So what I've got are a couple of things.

18 I've got a motion to reconsider and also, a motion of Dynamic

19 Industries Saudi Arabia Limited for attorneys' fees,

20 oppositions to both. I -- let me just find my notes here. All

21 right.

22 What I'm going to do -- I've read all the papers and I

23 looked at all the citations and the Court did its own research

24 as well and I'm prepared to read my ruling into the record.

25 So if you want to have a seat. You don't want to, you

1  don't want to stand for this.

2        MS. GREENBERG:  Oh, gosh.

3        THE COURT:  Okay.  All right.

4        Before the Court is the Petitioning Creditors' Motion

5  for this Court To Reconsider its Order Reopening the Case (the

6  "Motion To Reconsider") filed by Ultra Deep Picasso, Zakher" --

7  is it Zakher or Zakher -- Marine Saudi Company Limited, and

8  Stanford Marine, LLC (collectively known as the "Petitioning

9  Creditors").  I've got an opposition to that motion filed by

10 Dynamic Industries Saudi Arabia Limited (the "Putative

11 Debtor").  Those documents are at Documents 34 and 39.

12       Also before the Court is the Motion of Dynamic

13 Industries Saudi Arabia Limited for Attorneys' Fees and Costs

14 Pursuant to 11 U.S.C. 303(i) and Granting Related Relief.

15 That's the Fee Application at Docket No. 31 filed by the

16 Putative Debtor and the opposition to the Fee Application filed

17 by the Petitioning Creditors at ECF Doc. 40.

18       This Court has jurisdiction to grant the relief

19 provided for herein pursuant to 28 U.S.C. 1334 and the matter

20 of fee, the Fee App before the Court constitutes a core

21 proceeding that this Court can hear on, determine on a final

22 basis pursuant to 28 U.S.C. 157(b)(2).  And I'll tell you why

23 in a few minutes.  Venue is proper pursuant to 28 U.S.C. 1408

24 and 1409.

25       On July 22, 2022, the Petitioning Creditors filed an

1  involuntary bankruptcy proceeding against the Putative Debtor.
2  For the reasons set forth in the Memorandum Opinion and Order
3  found at Docket No. 28, the Court abstained from hearing the
4  case and dismissed the involuntary petition.  Following the
5  dismissal, the Putative Debtor filed an Ex Parte Motion [Docket
6  No. 30], moving under Section 350(b) to reopen the bankruptcy
7  court, case for the sole purpose of seeking relief under 11
8  U.S.C. 303(i) and then they filed, or it filed the Fee
9  Application contemporaneously.  The Court granted the Ex Parte
10 Motion without hearing at ECF Doc. 32.  The Petitioning
11 Creditors then moved for reconsideration of that order
12 reopening the bankruptcy case.  Based on a review of the
13 pleadings and applicable law, the Court grants the Motion for
14 Reconsideration and finds the following:
15         Section 350 of the Bankruptcy Code governs the
16 reopening of cases and explains that, "A case may be reopened
17 in the court in which such case was closed to administer
18 assets, to accord relief to the debtor, or for other cause."
19         As explained by the Ninth Circuit and adopted by
20 courts across the country:
21     "A bankruptcy is normally closed after the bankruptcy
22      proceedings are completed.  At that time the debts of
23      the bankrupt are usually discharged and the proceeds
24      of the debtor's nonexempt assets divided among
25      creditors.  A bankruptcy is reopened under 11 U.S.C.

  350(b) not to restore the prebankruptcy status, but to continue the bankruptcy proceeding. The word 'reopened' used in Section 350 obviously relates to the word 'closed' used in the same section. In the Ninth's Circuit's opinion a case cannot be reopened unless it's been closed. An order dismissing a bankruptcy case accomplishes a completely different result other than an order closing it. It would and is not an order closing."

You can see -- that case from the Ninth Circuit is <u>Armel Laminates, Incorporated. v. Lomas & Nettleton Co.</u> (<u>In re Income Property Builders, Incorporated</u>), 699 F.2d 963, 965, again from the Ninth Circuit from 1982. And that case has been cited and that general proposition noted by many courts, particularly in the Fifth Circuit, <u>Allen v. C & H Distributions, L.L.C.</u>, 813 F.3d 566, 573 n. 5. That's a Fifth Circuit case from 2015. I have the rest of the cases, but I won't bore you with those huge string cites. Accordingly, all of the courts that I reviewed have held that the parties may not reopen cases under 350(b) if the case was dismissed.

Here, the Court's Memorandum Opinion and Order dismissed the involuntary petition and the Putative Debtor's Ex Parte Motion sought relief under 350(b). Section 350(b) does not provide the Court authority to reopen dismissed cases, thus the Court erred in reopening the case under 350(b).

1    Nevertheless, the Court retains jurisdiction over 11
2  U.S.C. § 303(i) matters.  As explained by the court in National
3  Medical Imaging, LLC v. U.S. Bank (In re National Medical
4  Imaging, LLC) -- that's 570 B.R. 147, 156.  That's an Eastern
5  District of Pennsylvania case from 2017 -- "bankruptcy courts
6  clearly retain jurisdiction to consider awarding a putative
7  debtor section 303(i) damages after the court dismisses the
8  involuntary petition."  This is because "the consideration of
9  attorney fees is a core proceeding arising in a case under
10  Title 11, as described by 28 U.S.C. 157, as it is inextricably
11  intertwined with the bankruptcy case itself, which is
12  undoubtedly a core proceeding."  You can see In re John
13  Richards Homes Building Company, L.L.C., 405 B.R. 192, 199
14  (E.D. Mich. 2009).  You can see also Johnson v. Smith (In re
15  Johnson), 575 F.3d 1079.  It's a Tenth Circuit case from 2009,
16  explaining that bankruptcy courts retain jurisdiction of core
17  matters after a dismissal.
18    Accordingly, dismissing the involuntary petition did
19  not deprive the Court jurisdiction over the 303(i) issue in
20  this case.
21    Alternatively, the Court interprets the Putative
22  Debtor's motion to reopen the case as one filed under Rule 60
23  of the Federal Rules of Civil Procedure made applicable here by
24  Rule 9024 of the Federal Rules of Bankruptcy Procedure.  Courts
25  frequently interpret requests to reopen 350 motions, or Section

1  350(b) as motions under Rule 60.  You can see In re Flores, 271

2  B.R. 213.  That's a Bankruptcy Appellate Panel case from the

3  Tenth Circuit, 2001; In re Mishoe-Hooper, 2012 WL 5342148, at

4  *3.  It's a bankruptcy case from the Eastern District of North

5  Carolina from October of 2012; In re Aubain, 296 B.R. 624, 626

6  n. 1.  It's a bankruptcy case from the Eastern District of New

7  York in 2003; and In re Lewis & Coulter, Incorporated, 159 B.R.

8  188, 189, the bankruptcy case from the Western District of

9  Pennsylvania in 1993.

10           Rule 60(b)(6) explains that, "On motion and just

11  terms, the court may relieve a party or its legal

12  representative from a final judgment, order, or proceeding for

13  any other reason that justifies relief."  The Supreme Court has

14  explained that the purpose of Rule 60(b) is to "provide courts

15  with authority to," "with authority 'adequate to enable them to

16  vacate judgments whenever such action is appropriate to

17  accomplish justice.'"  See Liljeberg v. Health Services

18  Acquisition Corp., 486 U.S. 847, 864, from 1988.

19           The Court notes that dismissing the case without

20  expressly retaining jurisdiction over the 303(i) issue was an

21  oversight of this Court.  The Court intended to use the same

22  language retaining jurisdiction as it did in In re Steele

23  Protective Services, Case No. 20 or -- excuse me -- 22-10810 --

24  that's at Docket No. 14 -- where the Court stated "the case

25  will remain open pending this Court's ruling on sanctions" and

1  if those parties had showed up not five minutes ago, you would
2  have heard the Court's ruling on fees in that particular case
3  as well.
4      That oversight seriously prejudices the Putative
5  Debtor here.  As recently explained in In re HL Builders, LLC,
6  and as the Court will detail further below here in a few
7  minutes, the majority view is that "303(i) creates a
8  presumption that attorney's fees will be awarded against
9  unsuccessful petitioning creditors."  That cite is 630 B.R. 32,
10 40-41.  That's a bankruptcy case from the Southern District of
11 Texas from 2020.  The Court cannot ignore that its oversight
12 potentially deprived the Putative Debtor from being heard on an
13 issue where the Putative Debtor is presumptively entitled to
14 fees.
15     Moreover, the Petitioning Creditors cannot be
16 surprised by the 303 issue, 303(i) issue because the Putative
17 Debtor raised this issue in their initial Motion to Dismiss and
18 in their Reply Brief at ECF Docs. 12 and 25.  Furthermore, the
19 Putative Debtor moved timely, filing the Ex Parte Motion to
20 Reopen and Motion for Fees one month after the Court issued its
21 Memorandum Opinion and Order dismissing the case.  See
22 Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847,
23 863, again from 1988, reasoning that 60, that Rule 60(b)(6)
24 motions must be made in a reasonable time.
25     Accordingly, the Court finds that circumstances exist

1    to grant the Putative Debtor's Rule 60 motion and thus, the
2    Memorandum Opinion and Order at ECF Doc. 28 is amended in part
3    to expressly retain such jurisdiction.
4             Even though courts generally retain jurisdiction over
5    303(i) matters following a dismissal, courts have reached
6    conflicting conclusions about whether they may award putative
7    debtor damages if their case is dismissed pursuant to Section
8    305.  You can see In re TPG Troy, LLC, 793 F.3d 228, 233 n. 1.
9    That's a Second Circuit case from 2015, noting the split and
10   describing the split in courts whether or not they award
11   damages when the case, when an involuntary has been dismissed
12   pursuant to 305.  The split largely pertains to the reading of
13   303(i) which states:
14           "If the court dismisses a petition under this section
15            other than on consent of all petitioners and the
16            debtor, and if the debtor does not waive the right to
17            judgment under this subsection, the court may grant
18            judgment."
19   Within that paragraph, courts have analyzed the specific
20   phrase, "If the court dismisses a petition under this section,"
21   while some courts have interpreted this phrase narrowly to mean
22   that the putative debtor is entitled to fees only if the case
23   is dismissed under 303.  You can see In re Newbury Operating
24   LLC, 2021 WL 1157977, at *13.  That's a bankruptcy case from
25   the Southern District of New York, March 2021.

1    Other courts, however, have found that the scope of
2 303(i) is broader.  See In re Macke International Trade,
3 Incorporated, 370 B.R. 236.  That's the Bankruptcy Appellate
4 Panel from the Ninth Circuit from 2007 and you can also see In
5 re Kidwell, 158 B.R. 203, 216 n. 22, a bankruptcy case from the
6 Eastern District of California from 1993.
7    Resolving this conflict requires examining the express
8 language of the statute.  As explained by the Macke court:
9         "Section 303 provides, in pertinent part, that
10         attorney's fees may be awarded '[i]f the court
11         dismisses a petition under this section other than on
12         consent of all petitioners and the debtor, and if the
13         debtor does not waive the right to judgment under this
14         subsection....'  The phrase 'other than on consent of
15         all petitioners and the debtor,' modifies the
16         antecedent phrase '[i]f the court dismisses a petition
17         under this section.'  Importantly, the words 'under
18         this section' immediately follow the word 'petition,'
19         not 'dismisses.'  All involuntary petitions are filed
20         under § 303.  Therefore, we read the statute such that
21         the word 'dismisses' is modified only by the words
22         'other than on consent of all petitioners and the
23         debtor [etc.].'"
24 That's the Macke case, 370 B.R. at 251.  Put differently, the
25 statute is written such that the phrase "under this section" is

1  simply modifying the word "petition" to clarify that damages
2  are only awarded if it is a petition under 303.
3      This interpretation is further supported by two canons
4  of statutory interpretation.  First, the canon of *reddendo*
5  *singula singulis* which instructs courts to "interpret a passage
6  in which antecedents and consequents are unclear by reference
7  to the context and purpose of the statute as a whole."  You can
8  see Icon Industries Controls Corporation v. Cimetrix, Inc., 921
9  F. Supp. 375, 380.  That's a Western District of Louisiana case
10 from 1996, citing Go-Video, Inc. v. Akai Electric Company,
11 Ltd., 885 F.2d 1406, 1412-13.  That's a Ninth Circuit case from
12 1989.  Similarly, the "whole canon statute," the "whole
13 statute" canon instructs courts to read statutes such that
14 "each part ... is construed in connection with every other part
15 ... to produce a harmonious whole."  See -- see United States
16 v. McCord, 33 F.3d 1434, 1444, the Fifth Circuit case from
17 1994, as well as Food and Drug Administration v. Brown &
18 Williamson Tobacco Corp., 529 U.S. 120, 133, from 2000.
19     Applying these canons of statutory interpretation, the
20 Ninth Circuit Bankruptcy Appellate Panel in Macke correctly
21 reasoned that dismissing under 305 does not prevent a court
22 from awarding damages under 303(i).  See Macke International
23 Trade, Incorporated, 370 B.R. at 252.  This is because the
24 purpose of 303(i) is to discourage the abuse and misuse of the
25 bankruptcy process.  See In re K.P. Enterprise, 135 B.R. 174,

1   184, a bankruptcy case from the District of Maine, 1992, and
2   you see also Miles v. Okun (In re Miles), 430 F.3d 1093 [sic].
3   That's a Ninth Circuit case from 2005.  That purpose, that
4   bankruptcy purpose, would be undermined if the courts lacked
5   statutory authority to award damages after dismissing an
6   involuntary under 305.
7         Accordingly, the Putative Debtor is not barred from
8   303(i) damages simply because its case was dismissed under 305.
9         The Court finds that fees are warranted under Section
10  303(i).  As touched on before, 303(i)(1) explains that:
11         "If the court dismisses a petition under this section
12         other than on consent of all petitioners and the
13         debtor, and if the debtor does not waive the right to
14         judgment under this subsection, the court may grant
15         judgment against the petitioners and in favor of the
16         debtor for costs or reasonable attorney's fees."
17        Courts have created different tests for when 303(i)
18  damages should be awarded.  But, a majority view is emerging
19  that "303(i) creates a presumption that attorney's fees will be
20  awarded against unsuccessful petitioning creditors, with the
21  presumption being rebutted based on the 'totality of the
22  circumstances' test."  I refer you to In re HL Builders, LLC,
23  630 B.R. 32, 39.  That's a bankruptcy case from the Southern
24  District of Texas in 2020.  I'll also refer you to In re Clean
25  Fuel Technologies II, LLC, 544 B.R. 591, 602.  That's a

1  Bankruptcy Reporter, bankruptcy case, rather, from the Western

2  District of Texas in 2016 and In re TRED Holdings, L.P., 2010

3  WL 3516171, at *7, again a bankruptcy case out of the Eastern

4  District of Texas in 2010.

5       Four key factors provide courts guidance when looking

6  at the totality of the circumstances, and they are:

7       "(1) the merits of the involuntary petition; (2) the

8       role of any improper conduct on the part of the

9       alleged debtor; (3) the reasonableness of the actions

10      taken by the petitioning creditors; and (4) the

11      motivation and objectives behind filing the

12      involuntary petition."

13 I'll refer you to In re HL Builders, LLC, 630 B.R. at 40,

14 citing the Clean Fuel Technologies II, LLC case, 544 B.R. at

15 602.

16      The first factor analyzes the degree of merit the

17 involuntary petition had.  The Court previously ruled that

18 abstention was proper and the Memorandum Opinion and Order

19 fully details that reasoning.  Today, it is sufficient to state

20 that the Court found that the claims underlying the involuntary

21 petition arose from the claims that the Petitioning Creditors

22 were already litigating in the Southern District of Texas.

23 Moreover, the Court observed that all three Petitioning

24 Creditors' claims arose from the same contractual dispute and

25 the Petitioning Creditors did not represent a diverse creditor

group. The timing of the involuntary petition was suspect. The Petitioning Creditors filed the involuntary petition after one of those Petitioning Creditors had litigated for months against the Putative Debtor in the federal court in Texas. The involuntary petition was filed in the midst of the Putative Debtor filing dispositive motions in the Southern District of Texas. The purpose of bankruptcy courts is not to provide litigants alternative forums to litigate contractual disputes. Accordingly, the first factor weighs against the Petitioning Creditors.

The second factor considers the role of any improper conduct on the part of the putative debtor. See HL Builders, 630 B.R. at 40. The Petitioning Creditors assert that the Putative Debtor should have disclosed earlier that it contested the Petitioning Creditors' right to payment and this amounts to improper conduct, but the Court finds that argument to be without merit as the Petitioning Creditors knew or should have known that the Putative Debtor contested their right to payment. Indeed, one of the Petitioning Creditors chose to sue the Putative Debtor in Texas to enforce its alleged right to payment.

The third factor looks at the reasonableness of the Petitioning Creditors' actions. Specifically, whether they were "justified in filing an involuntary petition against a debtor where the exclusive bankruptcy powers and remedies may

1  be usefully invoked to recover transferred assets, to ensure an
2  orderly ranking of creditors' claims, and to protect against
3  other creditors obtaining a disproportionate share of the
4  debtor's assets." You can see HL Builders, 630 B.R. at 40.
5  Again, this factor weighs strongly against the Petitioning
6  Creditors.  As noted, the Court found that the involuntary
7  petition sought to litigate contractual claims already before
8  another federal judge, not to invoke bankruptcy remedies as
9  a -- to protect against -- to protect a diverse body of
10 creditors.
11       The fourth factor "focuses on a subjective and
12 objective assessment of the motivations of Petitioning
13 Creditors in filing an involuntary proceeding."  Again, the
14 Court concludes that the subjective motivation of the
15 Petitioning Creditors was to pursue already pending contract
16 claims in an alternate forum.  Thus, this factor weighs in
17 favor of the Putative Debtor.
18       Accordingly, the totality of the circumstances does
19 not outweigh Section 303(i)'s presumption that the Petitioning
20 Creditors owe puta -- the Put - excuse me -- owe the Putative
21 Debtor's attorneys' fees and the Court finds that counsel for
22 the Putative Debtor is awarded attorneys' fees in an amount to
23 be determined.
24       For all of these reasons, it is ordered that the
25 Motion To Reconsider is granted.

1     It is further ordered that the Motion for Fees is
2 granted in part and continued in part.
3     It is further ordered that counsel for the Putative
4 Debtor shall file into the record and properly serve invoices
5 evidencing attorneys' fees and costs redacted for privilege
6 upon counsel for Petitioning Creditors and to evaluate, in
7 order for those Creditors to evaluate the reasonableness of the
8 entries.  Counsel needs to file those redacted, again redacted
9 for privilege.  Right now, what we've got are invoices that are
10 completely redacted.  That's not going to be okay.  If you want
11 to get an award of sanctions or attorneys' fees, reasonable
12 attorneys' fees under 303(i), you have to let us see the
13 invoices, but they, of course, have to be redacted for
14 privilege only, right?
15     MS. GREENBERG:  Yes, your Honor.  We'll --
16     THE COURT:  Okay.
17     MS. GREENBERG:  --  we'll do that.
18     THE COURT:  You need to have that done no later than
19 Wednesday, March 15, 2023.
20     It is further ordered that the Petitioning Creditors
21 may file and properly serve an objection to the reasonableness
22 of the fees, not later than Wednesday, March 22, 2023.
23     It is further ordered that the portion of the Motion
24 for Fees concerning the quantum of attorneys' fees that will be
25 awarded is reset to Wednesday, April 12, 2023, at 1:00 p.m.

```
 1  And this Court will enter an order with the details and
 2  instructions regarding participating in that particular hearing
 3  and will also reduce this reading that was read into the record
 4  to judgment, okay?
 5          All right.  Thank you very much.
 6          And thank you for dialing in.
 7          MS. GREENBERG:  Thank you, your Honor.
 8      (Proceedings concluded at 3:30 p.m.)
 9
10
11
12                            CERTIFICATE
13      I, court-approved transcriber, certify that the
14  foregoing is a correct transcript from the official electronic
15  sound recording of the proceedings in the above-entitled
16  matter.
17
18  /s/ Janice Russell                     March 10, 2023
19  Janice Russell, Transcriber                  Date
20
21
22
23
24
25
```