UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 22-10823 |
| DYNAMIC INDUSTRIES SAUDI ARABIA LIMITED, | § § § | CHAPTER 7 |
| | § § | SECTION A |
| PUTATIVE DEBTOR. | § | |

**ORDER**

On July 22, 2022, Ultra Deep Picasso Pte. Ltd., Zakher Marine Saudi Company Limited, and Stanford Marine, LLC (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against Dynamic Industries Saudi Arabia Limited ("DISA"). [ECF Doc. 1]. For the reasons stated in the Court's January 9, 2023 *Memorandum Opinion and Order*, the Court dismissed the involuntary petition. [ECF Doc. 28].

Following the dismissal, DISA filed a *Motion of Dynamic Industries Saudi Arabia Limited for Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i) and Granting Related Relief* (the "Motion"). [ECF Doc. 31]. After receiving briefing from the parties, the Court issued an oral ruling on March 8, 2023, granting the Motion in part and continuing it in part. [ECF Doc. 46]. The Court found that DISA is entitled to attorneys' fees pursuant to 11 U.S.C. § 303(i), but continued the issue of the quantum of the award. *See id*. The Court set deadlines for DISA to submit invoices and for the Petitioning Creditors to object to the reasonableness of DISA's itemized attorneys' fees and costs. *See id*.

On Wednesday, April 12, 2023, the Court heard oral argument on the reasonableness of DISA's fees and costs. The Court ruled that DISA is required to provide to the Petitioning Creditors copies of invoices entirely unredacted, or forfeit the opportunity to receive compensation for specific time entries redacted for privilege. *See Conkling v. Turner*, 883 F.2d 431, 434 (5th

Cir. 1989). On April 17, 2023, DISA informed chambers and counsel for the Petitioning Creditors that it waives recovery for time entries redacted for privilege.

At this time, the remaining issue is the quantum of the award of attorneys' fees and costs in favor of DISA. The Court has considered the invoices submitted by DISA and the *Declaration of Mark A. Mintz in Further Support of Motion of Dynamic Industries Saudi Arabia Limited for Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i) and Granting Related Relief* (the "Declaration"), [ECF Doc. 49], as well as the oppositions to the Motion filed by the Petitioning Creditors, [ECF Docs. 40 & 51], and the reply brief filed by DISA in support of the Motion, [ECF Doc. 54].

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matters presently before the Court constitute core proceedings that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FINDINGS OF FACT[1]

DISA submitted the Declaration in which Mark Mintz explains that he is a partner and authorized representative of the law firm of Jones Walker, LLP ("Jones Walker"), counsel to DISA in this involuntary proceeding. [ECF Doc. 49, at 1].

In the uncontested Declaration, Mintz highlights his firm's extensive bankruptcy experience, including representing putative debtors in involuntary cases. *Id*. at 2. In this case, Jones Walker provided the following legal services:

---

[1] To the extent that any of the following findings of fact are determined to be conclusions of law, they are adopted and shall be construed and deemed conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted and shall be construed and deemed as findings of fact.

2

    a. Advised DISA with respect to its rights, powers, and duties as a potential debtor;

    b. Advised DISA concerning responses to the Involuntary Petition and the effect on the ongoing litigation in the United States District Court for the Southern District of Texas;

    c. Appeared in Court to protect the interests of DISA before this Court;

    d. Investigated the nature and validity of debts asserted by the Petitioning Creditors;

    e. Provided legal advice and performed legal services with respect to DISA's motion to dismiss, the response filed by Petitioning Creditors, and the reply brief filed in support of the motion to dismiss;

    f. Provided legal advice and performed legal services with respect to DISA's motion to reopen the case to request fees;

    g. Advised DISA with respect to possible relief under 11 U.S.C. § 303;

    h. Provided legal advice and performed legal services with respect to the Motion; and

    i. Provided legal advice and performed legal services with respect to the motion to reconsider filed by Petitioning Creditors.

*Id.* at 4.

Mintz also declared that the rates of the attorneys and paraprofessionals are consistent with the rates that Jones Walker charges comparable clients. *Id.* at 4–5. Here, paraprofessional rates ranged from $150 to $225 per hour, associate rates ranged from $315 to $395 per hour, and partner rates ranged from $375 to $710 per hour. *Id.* at 5. Jones Walker spent 290.1 hours defending against the involuntary bankruptcy petition, resulting in $133,749.50 in attorneys' fees. *Id.* Jones Walker also incurred costs of $2,265.28. *Id.*

## CONCLUSIONS OF LAW

Bankruptcy Courts frequently use the "lodestar" method to evaluate the reasonableness of fees sought under § 303(i). *See Havens v. Leong Partnership*, 788 F. App'x. 526, 527 (9th Cir.

3

2019); *In re HL Builders, LLC*, 630 B.R. 32, 43 (Bankr. S.D. Tex. 2020); *In re Anmuth Holdings, LLC*, 600 B.R. 168, 190 (Bankr. E.D.N.Y. 2019).

To tally the lodestar number, courts multiply "the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community." *Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez)*, 517 B.R. 724, 731 (Bankr. S.D. Tex. 2014). A court may then adjust the lodestar number up or down depending upon the presence or absence of the twelve factors identified in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974) (assessing reasonableness of attorneys' fees under § 706(k) of Title VII of the Civil Rights Act of 1964), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See In re Cahill,* 428 F.3d 536, 539–40 (5th Cir. 2005) (applying the *Johnson* factors in a bankruptcy context); *In re Harris-Nutall*, 572 B.R. 184, 197 (Bankr. N.D. Tex. 2017) (same); *In re New Town Dev. Grp., L.L.C.*, No. 09-10029, 2010 WL 1451480 (Bankr. M.D. La. Apr. 9, 2010) (same); *In re Energy Partners, Ltd*., 422 B.R. 68 (Bankr. S.D. Tex. 2009) (same).

The *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) skill required to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) award in similar cases. *See* 488 F.2d at 717–19. But "[t]he lodestar method is presumed to account for four of the twelve *Johnson* factors— the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation." *In re Rodriguez*, 517 B.R. at 730. The Fifth Circuit affords courts considerable discretion in awarding attorneys' fees. *See*

*Transamerican Natural Gas Corp. v. Zapata P'ship, Ltd. (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994). Here, the Court applies the *Johnson* factors as follows:

### A. The Time and Labor Expended

Jones Walker requests $128,176.50 in attorneys' fees for 277.7 hours of attorney services provided to DISA and costs of $2,265.28.[2] The work accomplished in this time resulted in the dismissal of the involuntary chapter 7 petition and a finding by this Court that DISA is entitled to attorneys' fees and costs under 11 U.S.C. § 303(i).

The Petitioning Creditors assert that the work performed by Jones Walker did not need to be staffed by 7 attorneys and that the attorneys' work was duplicative. The Petitioning Creditors further note that DISA's abstention argument—the basis of this Court's dismissal of the involuntary proceeding—was limited among other arguments made by DISA in its pleadings seeking dismissal of the involuntary proceeding. The Court finds those arguments to be unconvincing. In its defense against the involuntary petition, Jones Walker filed pleadings (i) detailing the history between the parties, (ii) presenting three separate reasons as to why dismissal was warranted (including the argument that this Court should abstain from hearing the matter under 11 U.S.C. § 305(a)), (iii) requesting attorneys' fees, and (iv) alternatively requesting that the Court require the Petitioning Creditors to post a bond under 11 U.S.C. § 303(e) to indemnify DISA for fees and costs in the event that the Court dismisses the case under 11 U.S.C. § 303(i). Faced with an involuntary bankruptcy petition which carried with it the risk that DISA's assets would be liquidated and distributed to creditors, the Court finds the staffing decisions made

---

[2] Jones Walker initially requested $133,749.50 in attorneys' fees for 290.1 hours, but has waived fees totaling $5,573.00 and representing 12.4 hours of services.

by Jones Walker to be reasonable and necessary to protect its client's interests. Thus, the Court overrules the Petitioning Creditors' objection.

### B. The Novelty and Difficulty of the Issues

This factor also weighs heavily in favor of DISA. Involuntary petitions are rare, and even experienced bankruptcy practitioners require more time to address the unusual substantive and procedural issues associated with involuntary bankruptcy proceedings than they would spend addressing other more frequently litigated bankruptcy matters.

### C. The Skills Requisite To Perform Services Properly

The law firm of Jones Walker has appeared before this Court and courts across the country to represent debtors and other parties in interest in bankruptcy cases. The attorneys who performed services in this matter possess the experience, reputation, and ability to merit an award of the requested compensation and reimbursement.

### D. Preclusion of Other Employment

Jones Walker was not precluded from other employment during this litigation and, accordingly, this factor weighs neither for nor against the fees and costs awarded.

### E. Fee Customarily Charged

The hourly rates of the attorneys who worked on this matter ranged from $315 to $710 per hour. Rates for services charged by any firm may vary based upon the complexities and needs of other cases filed in the same district; however, that does not detract from the fact that the rates charged by Jones Walker in this case are within the range charged by attorneys with comparable skills in this District. Thus, the Court overrules any objection made by the Petitioning Creditors regarding the reasonableness of the hourly rates charged by Jones Walker to defend against the involuntary bankruptcy proceeding.

### F. Whether the Fee is Fixed or Contingent

This factor also weighs in favor of a finding for attorneys' fees and costs. The work performed by Jones Walker was not performed on a contingent basis. But when defending an involuntary petition, attorneys run the risk of losing, the result being that the case will be administered under chapter 7 of the Bankruptcy Code and the putative debtor's attorneys may not be compensated for their services, depending on circumstances. *See e.g.*, *In re Seven Three Distilling Co., LLC*, No. 21–10219, 2022 WL 3691820 (Bankr. E.D. La. Aug. 24, 2022).

### G. Time Limitations Imposed by Client or Circumstances

The time limitations imposed by the circumstances surrounding this case were not unusual or out of the ordinary for a case of its size and complexity.

### H. Amounts Involved and Results Obtained

The necessary legal services provided to DISA by Jones Walker resulted in a dismissal of the involuntary bankruptcy petition and a finding that DISA is entitled to attorneys' fees and costs.

### I. Experience, Reputation, and Ability of Professionals

Jones Walker appears before this Court and courts across the country, representing debtors and other parties in interest in bankruptcy cases. The attorneys at Jones Walker also hold significant ligation experience. Such experience allowed Jones Walker to perform the services described herein competently and expeditiously.

### J. Undesirability of the Case

As stated in Subpart F, defending an involuntary petition is somewhat undesirable because the firm runs the risk in certain circumstances of not being paid.

### K. Nature and Length of Professional Relationship with Client

Jones Walker has represented DISA since 2021 in litigation filed in the United States District Court for the Southern District of Texas. Jones Walker may seek attorneys' fees for its services in defending DISA in this involuntary bankruptcy case pursuant to 11 U.S.C. § 303(i). This factor neither favors nor disfavors a conclusion that the compensations Jones Walker seeks is reasonable.

### L. Awards in Similar Cases

Based on its experience, the Court finds that the compensation requested is consistent with awards in other cases.

Having reviewed the Declaration and the time entries itemized on Jones Walker's invoices and having considered and applied the *Johnson* factors and the lodestar method, the Court finds that the services provided were reasonable and necessary and rendered toward the completion of the case. The time and labor expended, the rates charged, and the services performed were completed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem.

## CONCLUSION

Based on the foregoing facts and the law applied thereto,

**IT IS ORDERED** that the remaining relief requested in the Motion, [ECF Doc. 31], is **GRANTED**.

**IT IS FURTHER ORDERED** that damages are assessed against the Petitioning Creditors under 11 U.S.C. § 303(i) in the form of attorneys' fees of $128,176.50 and costs of $2,265.28 for a total award of $130,441.78.

**IT IS FURTHER ORDERED** that this amount shall be payable to DISA's bankruptcy Counsel, Jones Walker, LLC, 201 St. Charles Street, 49th Floor, New Orleans LA 70170.

**IT IS FURTHER ORDERED** that the Petitioning Creditors shall make the above sum payable within thirty days of this Order by mailing via commercial courier or hand-delivering certified funds to counsel for Jones Walker.

**IT IS FURTHER ORDERED** that the Court will hold a hearing on **Monday, June 12, 2023, at 1:00 P.M. in person** before the undersigned at the United States Bankruptcy Court, Eastern District of Louisiana, 500 Poydras Street, 7th Floor, New Orleans, Louisiana, 70130 to assess compliance with this Order and, in the event of non-compliance, to assess whether additional action should be taken by the Court to ensure compliance with this Order.

**IT IS FURTHER ORDERED** that DISA shall serve this Order via first-class U.S. Mail on the required parties who will not receive a copy through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, April 28, 2023.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE